# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, et al., On Behalf of Itself and All Others Similarly Situated, | Docket No. 08-cv-8781 (HB) |
| Plaintiffs, | **ECF Case** |
| v. | |
| RESIDENTIAL CAPITAL, LLC, RESIDENTIAL FUNDING, LLC, RESIDENTIAL ACCREDITED LOANS, INC., BRUCE J. PARADIS, KENNETH M. DUNCAN, DAVEE L. OLSON, RALPH T. FLEES, LISA R. LUNDSTEN, JAMES G. JONES, DAVID M. BRICKER, JAMES N. YOUNG, RESIDENTIAL FUNDING SECURITIES CORPORATION d/b/a GMAC RFC SECURITIES, GOLDMAN, SACHS & CO., RBS SECURITIES, INC., d/b/a RBS GREENWICH CAPITAL, DEUTSCHE BANK SECURITIES, INC., CITIGROUP GLOBAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA) LLC, BANK OF AMERICA CORPORATION as successor-in-interest to MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., UBS SECURITIES, LLC, JPMORGAN CHASE, INC. as successor-in-interest to BEAR, STEARNS & CO., INC., and MORGAN STANLEY & CO., INC., | |
| Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S AND THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S <u>JOINT MOTION TO INTERVENE</u>

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT .................................................................................................... 2

    A.   Intervention as a Matter of Right Under Rule 24(a) Should
    Be Granted ............................................................................................ 3

        1.   Miss. PERS has a significantly protectable interest........................ 3

        2.   The Court's standing ruling necessitates the
        addition of Miss. PERS.................................................................... 4

        3.   The motion to intervene is timely filed........................................... 5

        4.   Without intervention Movants' interest will be
        impaired ........................................................................................... 6

    B.   In the Alternative, Permissive Intervention Under Rule
    24(b) Should Be Granted ...................................................................... 6

III.  CONCLUSION.................................................................................................. 7

Lead Plaintiff the New Jersey Carpenters' Health Fund ("Lead Plaintiff") and Public Employees' Retirement System of Mississippi ("Miss. PERS") (collectively, "Movants") submit this Memorandum of Law in support of their joint motion, pursuant to Fed. R. Civ. P. 24, for an order permitting Miss. PERS to intervene as an additional named plaintiff in the above-captioned action.

## I.  **INTRODUCTION**

Miss. PERS purchased mortgage pass-through certificates (the "Certificates") issued by the RALI Series 2006-QS18 Trust and RALI Series 2006-QSO6 Trust (collectively, the "Two Trusts").  *See* the accompanying Declaration of George W. Neville In Support of the Lead Plaintiff's and Public Employees' Retirement System of Mississippi's Joint Motion to Intervene ("Neville Decl."), Ex. A ("Miss. PERS Transaction Schedule").  The Certificates were sponsored and sold by Residential Accredited Loans, Inc. or its affiliates ("RALI") and issued pursuant to the Registration Statements filed with the Securities and Exchange Commission (the "SEC") by RALI on March 3, 2006 and April 3, 2007 (the "Registration Statements"), as well as the accompanying Prospectuses and Prospectus Supplements (the "Offering Documents"). The approximate aggregate value of the securities issued by the Two Trusts was $2,466,651,134.

On May 18, 2009, the Lead Plaintiff in the above-captioned action filed a Consolidated First Amended Class Action Complaint ("Consolidated Complaint") on behalf of all persons or entities who purchased or acquired over $37.7 billion of mortgage pass-through certificates issued by fifty-nine (59) RALI trusts between March 2006 and October 2007 (the "Consolidated Complaint Class").  Included among the fifty-nine trusts named in the Consolidated Complaint were the Two Trusts.  Hence, all persons or

1

entities that purchased or acquired securities issued by the Two Trusts, including Miss. PERS, were members of the putative class defined in the Consolidated Complaint.  The Consolidated Complaint named individuals at RALI and its affiliates;  Residential Funding Securities Corporation;  Goldman, Sachs & Co., Inc.;  Greenwich Capital Markets, Inc.;  Deutsche Bank Securities, Inc.;  Citigroup Global Markets, Inc.;  Credit Suisse Securities, LLC;  Merrill Lynch, Pierce, Fenner & Smith, Inc.;  UBS Securities, LLC;  Bear, Stearns & Co., Inc.;  and Morgan Stanley & Co., Inc. as defendants in the action (the "Defendants").

On March 31, 2010, this Court issued an Opinion & Order sustaining certain of Plaintiffs' claims pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against the Defendants.  *See New Jersey Carpenters Health Fund v. Residential Financial Capital, Inc.* et al., 2010 U.S. Dist. LEXIS 32058, No. 08-CV-8781 (S.D.N.Y. March 31, 2010) ("Order").  However, while this Court sustained the claims brought on behalf of the purchasers of certificates issued by the four trusts from which the Lead Plaintiff had purchased (the "Four Trust Class"), it dismissed, for the Lead Plaintiff's lack of standing, the remaining claims on behalf of purchasers of securities issued by the remaining fifty-five (55) trusts (the "Fifty-Five Trusts"), including the Two Trusts.  *Id.* at *17.

Lead Plaintiff and Miss. PERS now seeks leave for Miss. PERS to intervene as an additional named-plaintiff in the above-captioned action in order to represent the putative class members who purchased Certificates issued by the Two Trusts.

## II.   <u>ARGUMENT</u>

"Federal Rule of Civil Procedure 24 provides for intervention either as of right or with the permission of the Court."  *Deutsche Bank Trust Co. Ams. v. Elliott Int'l, L.P.*,

2009 U.S. Dist. LEXIS 121204, at *3 (S.D.N.Y. Dec. 14, 2009).  The right to intervene is unconditional when there is either:  (1) a federal statute conferring such unconditional right; or (2) the party has an interest in the property or transaction subject to the action and the disposition of the action might impair or impede the party from protecting that interest, unless the party is already adequately represented by other parties in the action. *See* Fed. R. Civ. P. 24(a).  The right to intervene is permissive when there is either:  (1) a federal statute conferring such conditional right; or (2) the party's claim and the action at issue have a common question of law or fact.  *See* Fed. R. Civ. P. 24(b).  Miss. PERS seeks to bring, on behalf of the purchasers of Certificates issued by the Two Trusts, those substantive claims from the Consolidated Complaint that were sustained in the Court's Order.[1]

### A.    Intervention as a Matter of Right Under Rule 24(a) Should Be Granted

In the Second Circuit, a movant can intervene as of right under Rule 24(a) when the party has an interest in the property or transaction subject to the action and the disposition of the action might impair or impede the party from protecting that interest, unless the party is already adequately represented by other parties in the action.  *See* Fed. R. Civ. P. 24(a).  Movants meet all of the criteria for intervention as of right.

### 1.    Miss. PERS has a significantly protectable interest

In order to establish a protectable interest sufficient to intervene as of right, a movant must establish that the interest asserted is "direct, substantial, and legally protectable."  *Brennan v. New York City Board of Educ.*, 260 F.3d 123, 129 (2d Cir.

---

[1]    This reliance satisfies the requirements of Fed. R. Civ. P. 24(c), which requires the filing of a pleading identifying the claims to be brought in intervention.

2001) (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (requiring a "significantly protectable interest")).

Miss. PERS purchased Certificates with a face value of $6,086,017 that were issued by the Two Trusts pursuant to false or misleading Offering Documents and was damaged thereby. *See* Miss. PERS Transaction Schedule, Neville Decl., Ex. A. This monetary interest is legally protectable and is the same interest that had previously been represented by the Lead Plaintiff in the above-captioned action prior to the Court's Order. As such, pursuant to Fed. R. Civ. P. 24(a), Miss. PERS has a significantly protectable interest relating to the transactions that are the subject of this action.

   **2.   The Court's standing ruling necessitates the addition of Miss. PERS**

This Court has held in the Order that the Lead Plaintiff lacks standing to bring claims on behalf of investors who purchased certificates issued by the Fifty-Five Trusts. *See* Order at *17 ("As alleged, Plaintiffs' claims related to the fifty-five offerings that they did not acquire an interest in, must be dismissed for lack of standing."). Thus, the Court's Order made it impossible for the Lead Plaintiff to prosecute claims on behalf of investors who purchased certificates from the Fifty-Five Trusts.

Miss. PERS, by contrast, did purchase Certificates offered by two of the Fifty-Five Trusts and can act as a plaintiff and a proposed class representative on behalf of itself and other investors who purchased certificates issued by the Two Trusts. *See* Neville Decl. (discussing purchases of Certificates offered by the Two Trusts). Thus, Miss. PERS is capable of serving as a named plaintiff on behalf of the purchasers of Certificates issued by the Two Trusts.

### 3. The motion to intervene is timely filed

The concept of "[t]imeliness defies precise definition, although it certainly is not confined strictly to chronology.  Among the circumstances generally considered are:  (1) how long the [movant] had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the [movant] if the motion is denied; and (4) any unusual circumstances mitigating for or against a finding of timeliness."  *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Here, the instant motion is being submitted soon after the Court's Order.  Prior to that time, Miss. PERS believed that its interests and those of the purchasers of Certificates issued by the Two Trusts were adequately represented by the Lead Plaintiff.  After reviewing the Order and considering its effect, Miss. PERS made the decision that intervention in this action was necessary to protect its interests and those of the purchasers of Certificates issued by the Two Trusts, discussed its intervention with Lead Counsel, received the necessary approval from the Mississippi Attorney General to move forward, and filed its motion and the Declaration of George W. Neville.

There will be no prejudice to the existing parties if Miss. PERS is able to represent the interests of the purchasers of Certificates issued by the Two Trusts.  Since the Lead Plaintiff, which joins this motion, sought to but was unable to represent the these purchasers; allowing Miss. PERS to do so now would further the Lead Plaintiff's stated interests, not harm them.  As to the Defendants, they have had notice of the claims Miss. PERS seeks to prosecute since the inception of this consolidated action, which has not yet reached the discovery phase.  Miss. PERS also intends to abide by the dates established in the Stipulated Scheduling Order (Docket No. 24), as amended by the letters

endorsed April 12, 2010 (Docket No. 59), April 23, 2010 (Docket No. 65), and May 18, 2010 (Docket No. 70).  The merits of the claims, for purposes of the motion to dismiss, are identical to those related to the Four Trust Class, and which have been sustained by the Court in its Order.  *See* Order at *20-23.

> ### 4.     Without intervention Movants' interest will be impaired

Absent intervention, Miss. PERS's and the purchasers of Certificates issued by the Two Trusts' interests will not continue to be represented in the above-captioned action.  *See* Order at *17 (Lead Plaintiff lacks standing to assert claims on behalf of the purchasers of Certificates issued by the Fifty-Five Trusts).  Thus, if this motion is not granted it would adversely affect and potentially prejudice both Miss. PERS, which provides benefits to approximately 373,000 employees and retirees (*see* Neville Decl. ¶ 2), and those other purchasers of Certificates issued by the Two Trusts whose interests would not otherwise be protected in this litigation.

> ### B.     In the Alternative, Permissive Intervention Under Rule 24(b) Should Be Granted

Rule 24(b) "permits intervention in the discretion of the court where the movant 'has a claim or defense that shares with the main action a common question of law or fact.'"  *Galindo v. UBS Int'l Inc.*, 2010 U.S. Dist LEXIS 16737, at *6 (S.D.N.Y. Feb. 24, 2010) (quoting Fed. R. Civ. P. 24(b)(1)(B)).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Miss. PERS's claims, and those of the purchasers of Certificates issued by the Two Trusts, are essentially identical to those of the Lead Plaintiff—they *are* the claims the Lead Plaintiff sought to pursue.  As these claims were originally set forth in the same

Consolidated Complaint under the same factual and legal theories and against the same defendants as the claims remaining in the above-captioned action, there are common questions of law and fact.  Such common questions of law and fact include:  (i) whether the Defendants violated the Securities Act of 1933 (the "Act"); (2) whether the Offering Documents issued by Defendants to the investing public negligently omitted and/or misrepresented material facts about the underlying mortgage loans comprising the pools; and (3) to what extent the members of the Consolidated Complaint Class and the purchasers of Certificates issued by the Two Trusts have sustained damages and, if so, what is the proper measure thereof.

As noted above, Miss. PERS seeks to re-assert claims that the Defendants have been aware of since the inception of this consolidated action.  There will be no undue delay in the action if Miss. PERS is permitted to intervene.  The efficient prosecution of the case will not be in any way adversely affected since the appointment of Lead Plaintiff and Lead Counsel will remain undisturbed.  Miss. PERS seeks to fulfill the standing requirement that the Lead Plaintiff was unable to satisfy.  Indeed, the effect of any minor delay that may result in granting Miss. PERS's motion will be substantially outweighed by the benefit of having all affected purchasers of Certificates issued by the Two Trusts represented in this action once again.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Lead Plaintiff and Miss. PERS respectfully request that the motion to intervene be granted in all respects.

Dated: June 10, 2010
          New York, New York

By:   /s/ James A. Harrod
          JAMES A. HARROD

**WOLF POPPER LLP**
Marian P. Rosner (#MR-0410)
James A. Harrod (#JH-4400)
Robert S. Plosky (#RP-7829)
Matthew Insley-Pruitt (#MI-0525)
845 Third Avenue, 12th Floor
New York, NY 10022
Tel:    (212) 759-4600
Fax:    (212) 486-2093
*marosner@wolfpopper.com*
*jharrod@wolfpopper.com*

            -and-

**POND, GADOW & TYLER, P.A.**
John Gadow
Blake Tyler
502 South President Street
Jackson, MS 39201

*Counsel for Movant Public Employees'
Retirement System of Mississippi*

By:   /s/ Joel P. Laitman
          JOEL P. LAITMAN

**COHEN MILSTEIN SELLERS &
    TOLL PLLC**
Joel P. Laitman (JL-8177)
Christopher Lometti (CL-9124)
Michael Eisenkraft (ME-6974)
Daniel B. Rehns (DR-5506)
Kenneth M. Rehns (KR-9822)
88 Pine Street, Eighteenth Floor
New York, NY 10005
Tel:    (212) 838-7797

*Lead Counsel for the Class*

8